## QUEEN et al. v. WEAVER.

(Supreme Court, Appellate Division, First Department. March 24, 1899.)

FRAUDULENT CONVEYANCES—CONTEMPLATION OF INSOLVENCY—CORPORATIONS.

An officer of a corporation, after some of its paper was protested, took a bill of sale of a large part of its personal property, to secure him for advances made, knowing it would close the company's business. The company, after the transfer, abandoned its property, and did no more business. When the transfer was made, the company had sufficient prop-

erty, taken at its cost price, to pay its debts. *Held*, that the transfer was void as to creditors, since it was made in contemplation of insolvency.

Appeal from special term.

Action by John W. Queen and another, as receivers of the Weaver Cycle-Material Company, against Joseph A. Weaver. From a judgment for defendant, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

C. E. Hotchkiss, for appellants.

J. V. Olcott, for respondent.

VAN BRUNT, P. J. The plaintiffs in this action, as receivers of the Weaver Cycle-Material Company, brought this action to set aside a bill of sale made by said company to the defendant, and also an assignment of certain book accounts; the consideration of the bill of sale being money which had theretofore been loaned by the defendant to the company, and the consideration for the assignment being the contingent liability of the defendant as indorser of the notes of the company. The ground upon which the plaintiffs proceeded was that these transfers were made by the company either when it was insolvent or in contemplation of insolvency.

Upon the argument of this appeal, considerable stress was laid upon the question as to whether the laws of New York in respect to the transfer of property by corporations, or the laws of New Jersey, applied to the transfers above mentioned. It seems to us that it is immaterial, in view of the facts developed upon the trial of this action, whether we apply the laws of the state of New York or the laws of the state of New Jersey to these transfers. They were clearly made in contemplation of insolvency, and consequently are void, as against creditors, under the laws of either state.

It appears from the evidence that the defendant was a stockholder and director of the corporation, that certain notes upon which it was indorser had been protested, and that the defendant was advised to secure himself. He thereupon took a bill of sale of the personal property and the assignment of the book accounts above mentioned. Upon this bill of sale he took possession, substantially, of all the merchandise with which the corporation was doing business in the state of New York; and he understood that it could not go on in business after the transfer. In fact, the company abandoned the property contained in its place of business, never went there again, and did no business whatever after these transfers. The learned court below held that because evidence was introduced tending to show that the corporation had property enough, at its cost price, to pay its debts, it was therefore solvent, and the transfers were not made when the corporation was insolvent, and so within the inhibition of the statute. But it did not find that the transfers were not made in contemplation of insolvency, which is as distinctly prohibited as a transfer when insolvent. It is clear from the evidence in this case that the transfers in question were made in contemplation of insolvency. The defendant resigned as director in order to get rid of

that trust relation. He remained as a stockholder. He then took a large part of the personal property of the corporation in payment of advances he had theretofore made, as he himself says, knowing it would close up their business. He also took an assignment of a large proportion of its book accounts as security for his indorsements. It is apparent that he was not a bona fide purchaser for value, and it is equally certain that it was because of the approaching critical condition of the company that he sought to secure himself. He must have known when these transfers took place that the business of the company would necessarily be suspended, and that it would be unable to meet its current obligations. The transfers were manifestly made in contemplation of insolvency, and, even by the statutes of New Jersey, were void as against creditors.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.